UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
THOMAS PEREZ                                            Index No. 19-cv-2351

                            Plaintiff,              **COMPLAINT**

     -against-                                       **JURY DEMAND**

CITY OF NEW YORK, POLICE OFFICER
ROBERT CABRERA, POLICE OFFICER
LUKE BRENNAN, SERGEANT CHRISTOPHER
CRAIN, POLICE OFFICER SUTCLIFF RATTAN
(Shield #29908) and JOHN DOES
(the names John Does being fictitious as
their true names are presently unknown),

                            Defendants.
-----------------------------------------------------x

      Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York, P.O. Robert Cabrera, P.O. Luke Brennan, Sergeant Christopher Crain, P.O. Sutcliff Rattan and John Does (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the City and State of New York.

      2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment, use of excessive force and malicious prosecution of Plaintiff and otherwise, for the violation of his federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is

appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, a Hispanic male, is a resident of the City of New York, County of Bronx and State of New York.

7. Defendant City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Defendants P.O. Robert Cabrera, P.O. Luke Brennan, Sergeant Christopher Crain, P.O. Sutcliff Rattan and John Does were police officers employed by defendant City of New York.

9. Plaintiff is suing the defendant officers in their individual and official capacities.

## NOTICE OF CLAIM

10. Plaintiff, in furtherance of his state causes of action, filed timely notice of claim against the City, in compliance with General Municipal Law Section 50.

11. More than 30 days have elapsed since service of said notice, and the City has failed to pay or adjust the claim.

12. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. On or about October 17, 2017, at approximately 12:05 a.m., plaintiff was arrested by the defendant officers in front of 1139 Clay Avenue, near the intersection with 167th Street, Bronx, New York while plaintiff was walking on the public street.

14. At the time and place aforementioned, plaintiff was walking home after exiting the train station when he saw an unmarked black car around the corner with three men inside who turned out to be defendant officers.

15. As Plaintiff continued to walk towards his home, he noticed that the car had turned and followed him.

16. Then the car, with the three police officers pulled up behind plaintiff when he was just a few buildings away from his home.

17. The officers jumped out of their vehicle, and as plaintiff continued to walk on the public street, one of the officers yelled at plaintiff to slow down. At this time plaintiff did not know for certain they were police officers.

18. Two of the officers walked up to plaintiff and violently grabbed him from behind and

threw him into the wall of a nearby building.

19. The third officer ran up to them and started punching plaintiff with his fist on various parts of plaintiff's body.

20. Then the other two officers joined in hitting and kicking plaintiff on various parts of his body.

21. After hitting and kicking plaintiff so many times while he was still pinned against the wall, the officers threw him to the ground.

22. While plaintiff was on the ground, the officers kneed, kicked, and punched him many times on various parts of his body. They scrapped plaintiff's hands on the concrete ground causing severe bruises.

23. The officers handcuffed plaintiff while he was on the ground. Thereafter they picked him up from the ground.

24. Plaintiff asked the officers why they were arresting him, they told him that he beat up a little girl.

25. Plaintiff was searched there on the street but nothing illegal was found on him.

26. Then one of the officers lowered plaintiff's pants and touched plaintiff's private parts and kept touching same for a few minutes.

27. Plaintiff was transported to the 44th precinct where he was again searched, fingerprinted, photographed. During the search, one of the officers again touched plaintiff's private parts.

28. Thereafter, plaintiff was thrown into a holding cell where he was detained for many hours before being transported to the Central Booking where he was detained until about 8 p.m.

the following day.

29. Plaintiff was subsequently charged with criminal possession of controlled substance among other charges. He was released on his own recognizance.

30. Following his release, plaintiff was required to appear in court on numerous occasions to defend the charges until February 14, 2019 when all the charges were finally dismissed.

31. And on or about March 18, 2016, at approximately 1:30 a.m., plaintiff was arrested by defendant Police Officer Sutcliff Rattan and other unnamed officers at or near 235 2 Avenue, New York while plaintiff was walking on the public street.

32. While plaintiff was walking on the street at the place and time aforementioned in the preceding paragraph, he was violently grabbed and beaten by defendant officer Rattan and several other officers.

33. The officers threw plaintiff to the ground, punched and kicked him on various parts of his body causing plaintiff to suffer injuries to his head and other parts of his body.

34. Plaintiff told the officers that he had done nothing wrong and there was no reason for arresting and assaulting him on his birthday.

35. He was searched at there on the street and nothing illegal was found on his person.

36. Plaintiff was cuffed and later transported to the 13th Precinct where he was detained in a holding cell before being taken to Central Booking.

37. Plaintiff was subsequently charged with Criminal Possession of Marijuana in the Fifth Degree and Resisting Arrest. He was released on bail.

38. Plaintiff was required to appear in court on numerous occasions to defend the charges until September 27, 2016 when all the charges were finally dismissed.

39. That each and every officer who was present at the location of plaintiff's arrests and/or at the precincts knew that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

40. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

41. Plaintiff suffered physical injuries including but not limited to, severe contusion, bruises, sprain and strain.

42. And plaintiff suffered and continues to suffer emotional distress, fear, humiliation, embarrassment, shock, loss of liberty, psychological trauma, pain, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

43. The Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

44. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant officers in a collective manner and fashion.

45. The Plaintiff has no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

46. Plaintiff reiterates paragraphs 1 through 45 and incorporates such by reference herein.

47. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

48. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A SECOND CAUSE OF ACTION:
## 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

49. Plaintiff reiterates paragraphs 1 through 48 and incorporates such by reference herein.

50. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from use of excessive and unreasonable force by police officers.

51. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION:
## 42 U.S.C. § 1983 - FAILURE TO INTERCEDE

52. Plaintiff reiterates paragraphs 1 through 51 and incorporates such by reference herein.

53. The defendant officers and other John Doe police officers each had opportunities to intercede on behalf of plaintiff to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

54. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before state.

## AND AS FOR A FOURTH CAUSE OF ACTION:
## 42 U.S.C. § 1983 - MALICIOUS PROSECUTION

55. Plaintiff reiterates paragraphs 1 through 54 and incorporates such by reference herein.

56. Plaintiff was subjected to malicious prosecution and malicious abuse of the criminal process in violation of his right under the Fifth and Fourteenth Amendments to the United States

Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A FIFTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

58. Plaintiff reiterates paragraphs 1 through 57 and incorporates such by reference herein.

59. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

60. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

61. The defendant City has been on notice for more than a generation that brutality is widespread and that particular reforms need to be implemented. Acts of brutality have been tolerated by the defendant City.

62. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

63. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

64. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

65. The aforementioned policymaking officials knew that the wrong choice by police officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

66. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning

racial profiling.

67. As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

68. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

69. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers engaged in racial profiling, and was deliberately indifferent to that need.

70. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damage.

## AND AS FOR A SIXTH CAUSE OF ACTION: PENDENT CLAIM OF ASSAULT AND BATTERY

71. Plaintiff reiterates paragraphs 1 through 70 and incorporates such by reference herein.

72. By their conduct, as set forth above, defendant officers committed acts of battery against plaintiff which included beating, punching and kicking him about the face and body without cause at the 81st precinct. The use of physical force against plaintiff was willful, unwarranted, and excessive.

73. The defendant City is responsible for the excessive and unnecessary force used by the defendant officers as set forth above because the misconduct occurred while they were acting in the scope of their employment, specifically in the course of arresting plaintiff, and while they

were executing their responsibility to hold him safely in police custody at the 81st precinct.

74. Upon information and belief, defendant City had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

75. By reason of and as a consequence of the assault detailed above, plaintiff suffered severe and serious physical and mental injuries.

### AND AS FOR A SEVENTH CAUSE OF ACTION: PENDENT CLAIMS OF FALSE ARREST AND FALSE IMPRISONMENT

76. Plaintiff reiterates paragraphs 1 through 75 and incorporates such by reference herein.

77. Plaintiff was wrongfully, unlawfully and unjustifiably charged, arrested, detained and deprived of his liberty against his will, and was imprisoned by defendant officers and other unknown John Doe police officers.

78. At all relevant times, the defendant officers acted forcibly in apprehending plaintiff.

79. The wrongful, unjustifiable, and unlawful arrest, detention and imprisonment of plaintiff was carried out without a warrant.

80. Following his arrest, plaintiff was wrongfully harassed, threatened and subjected to the taking of mug shots and fingerprinting.

81. The false and unlawful arrest and imprisonment of plaintiff was without any justification or probable cause, and was forcible and against his will.

82. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

83. At all relevant times, the defendant officers and other John Doe police officers who

were responsible for the false arrest and imprisonment of plaintiff were employees of the defendant City through the NYPD, and were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

84. As a direct and proximate result of the false arrest and imprisonment of plaintiff as detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR A EIGHT CAUSE OF ACTION:
## PENDENT CLAIM OF MALICIOUS PROSECUTION

85. Plaintiff reiterates paragraphs 1 through 84 and incorporates such by reference herein.

86. Based on the false testimony of defendants, the prosecutors initiated criminal actions against the plaintiff.

87. Plaintiff was required to, and did, appear in court on multiple occasions to defend himself from the false charges levied against him with malice by defendants.

88. Eventually, the criminal proceedings terminated in plaintiff's favor.

89. Because of the conduct of defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

90. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
March 14, 2019

                                              LAW OFFICE OF PHILIP AKAKWAM, P.C.

                                              By:       /s/
                                                     Philip Akakwam
                                                     Attorneys for the Plaintiff
                                                     303 Livingston St., 2nd Floor
                                                     Brooklyn, N.Y. 11217
                                                     (718) 858-2488