

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**JOHN L. GARCIA**
*Assistant Corporation Counsel*
phone: (212) 356-5053
fax: (212) 356-1148
johgarci@law.nyc.gov

March 25, 2020

**VIA ECF**
Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

<div style="border:1px solid red">Memo Endorsed</div>

    Re:    Thomas Perez v. City of New York, et al.
              19 Civ. 2351 (LAK) (OTW)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to represent Defendants City of New York, Police Officers Robert Cabrera, Luke Brennan, Sutcliff Rattan, and Sergeant Christopher Crain in the above-referenced matter. Pursuant to the Court's March 20, 2020 Order, Defendants write, on behalf of both parties,[1] to provide a status report  In addition, the parties respectfully write to request a ninety (90) day stay of the present civil proceedings, in light of the current public health emergency associated with the COVID-19, or coronavirus, pandemic.

      By way of background, Plaintiff Thomas Perez has brought, among others, claims of false arrest, malicious prosecution, and excessive force, pursuant to 42 U.S.C. § 1983, stemming from two encounters with members of the New York City Police Department ("NYPD"). Pursuant to this Court's Local Civil Rule 83.10, this case proceeded according to the terms of "the Plan." On September 12, 2019, the defendants interposed their Answer to the Complaint. On October 24, 2019, the parties exchanged the disclosures required by Local Civil Rule 83.10.

      On November 26, 2019, Plaintiff communicated his settlement demand. On December 18, 2019, the parties appeared for mediation and Defendants provided a counter offer. As that session was in progress, Plaintiff revealed, for the first time, that there was a video of the first alleged incident that was supposedly in his friend's possession. The mediation was adjourned so that Plaintiff could provide that video. Since that date, however, Plaintiff has not provided any video. On March 6, 2020, Plaintiff's counsel emailed the mediator and the former counsel for

---

[1] Plaintiff is represented by Philip A. Akakwam, Esq., who joins in this letter-application.

defendants, Joshua Levin, Esq., requesting that the mediation be considered unsuccessful. Accordingly, the parties believe that a settlement cannot be reached at this time. To date, Defendants still await production from Plaintiff of the referenced video of the one of the underlying incidents.

With respect to the request for a stay of the instant matter, as the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16 and 20, 2020, the Southern District issued Orders further limiting access to courthouses in light of the ongoing public health emergency. Indeed, Your Honor has amended your Individual Practices in Civil Cases to preferably eliminate in-person interactions. And finally, on March 20, 2020, Governor Cuomo issued an order that all non-essential work forces are required to stay home, effective March 22, 2020.

In light of pronouncements from government and judicial officials, associated policies, expert recommendations, and the further spread of COVID-19, the New York City Law Department, along with the majority of employers in New York City and State, have been working from home to ensure compliance with public policy directives, and to protect individuals from further community spread of the virus. Now, effective March 22, 2020, and in compliance with the Governor's order, our Office is operating remotely.

Accordingly, engaging in discovery during this time has proven difficult due to the workplace restrictions to avoid the spread of coronavirus. For instance, scheduling plaintiff and defendant officers' depositions has proven difficult even if they can be done remotely. In addition, there are difficulties with scheduling meetings with officers to prepare for depositions during this public health emergency. Lastly, working from home presents additional difficulties in terms of responding to and producing documents for document requests, as, for example, the agencies from where we obtain documents are also likely working remotely.

For the foregoing reasons, the parties respectfully request that the Court stay this matter for 90 days, *i.e.* until June 25, 2020, and thereafter, schedule the Initial Conference.[2]

---

[2] In the event that the Court wishes to schedule the Initial Conference before June 25, 2020, the parties respectfully request that the Court schedule a telephonic conference.

The parties thank the Court for its attention to this matter.

> Respectfully submitted,
>
> John L. Garcia
> *Assistant Corporation Counsel*
> Special Federal Litigation Division

cc: **VIA ECF**
Philip Anaekperechi Akakwam, Esq.
*Attorney for Plaintiff*
303 Livingston Avenue, 2nd Floor
Brooklyn, New York 11217

---

**Application Granted.**
The case is stayed until June 25, 2020.

**SO ORDERED.**

_____
Ona T. Wang                    4/7/2020
U.S. Magistrate Judge